UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **THOMAS WESLEY SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:11-cv-00748-CLS-RRA |
| | ) |
| **MIKE FOSTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OF OPINION

The magistrate judge has filed two Report and Recommendations concerning the resolution of this case. In the first, the magistrate judge recommended that Defendant Mike Foster's motion to dismiss be granted on statute of limitations grounds. (Doc. 35). In the second, the magistrate judge recommended that the special reports of defendants Correctional Medical Services, Nurse Isabell, Dr. Benjamin, Dr. White, Dr. Hood, Dr. Williams, and Dr. Talley be treated as a motion for summary judgment, that the motion be granted, and that this action be dismissed with prejudice. (Doc. 43).

Plaintiff filed objections to the first Report and Recommendation regarding Foster's motion to dismiss (doc. 36), as well as a motion for reconsideration of the same Report and Recommendation. (Doc. 37). Plaintiff did not file objections to the

Report and Recommendation entered on September 24, 2012, regarding the remaining defendants.

Plaintiff's objections to the first Report and Recommendation are due to be OVERRULED and DENIED, as the claims against Foster are barred by the statute of limitations.

The complaint was filed on February 22, 2011, alleging in relevant part that unsafe working conditions at the ACI furniture refinishing facility at Saint Clair Correctional Facility caused plaintiff to severely injure his finger on February 11, 2009. (Doc. 1). The magistrate judge found that more than two years elapsed between the date of the accident, February 11, 2009, and the filing of this complaint on February 22, 2011. (Doc. 35). Accordingly, the magistrate judge recommended that Foster's motion to dismiss on statute of limitations grounds be granted.

Plaintiff reiterates his argument that the limitations period should not start the day his hand was crushed in the door, because he was not aware of the severity of his injury until he received a diagnosis on March 18, 2009. (Doc. 36). He also appears to argue in his "motion to reconsider" (doc. 37), which will be treated as additional objections, that he is entitled to equitable tolling. These arguments, however, are unavailing. The statute of limitations begins to run when the wrongful act or omission results in damages, "even though the full extent of the injury is not then known or predictable." *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *see, e.g., Rondon v. Passaic Cnty. Jail*, 374 F.App'x. 238, 239 (3d Cir. 2010) (statute of limitations began to run

when a doctor inspected and prescribed treatment for inmate's infection, even though inmate did not know until later that fungal infection would eventually result in permanent scarring).

In the instant case, although plaintiff may not have known the *extent* of his injury on February 11, 2009, it was on that date that the wrongful action attributed to Foster occurred[1], and it was therefore on that date that the limitations period began to run. Otherwise, "the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough."*Wallace,* 549 U.S. at 391.  Moreover, although plaintiff alleges in his objections that he did not learn the finger was actually broken until he saw a doctor on March 18, 2009, that contention was contrary to the statement in his initial complaint that he received an x-ray and was told the finger was broken within 2-4 days following the accident.[2] (Doc. 1 at 8-9).

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED. Plaintiff's objections are OVERRULED, his motion for reconsideration

---

[1] In his complaint, the plaintiff alleges that he shook violently and screamed in pain once his hand was smashed in the door, and that twenty five minutes after the accident, his left ring finger was "enormous, swollen," and that he suffered "agonizing pain shooting to left elbow." (Doc. 1 at 8). Thus, although the plaintiff might not have received a diagnosis on that date, he was aware that he had in fact injured his finger.

[2] The records provided by the medical defendants establish that an x-ray showing a break in the finger was taken on February 13, 2009, and that the plaintiff met with Dr. Benjamin and was informed of the x-ray results on February 18, 2009. (Doc. 29-1).

(doc. 37) is DENIED, and the recommendation is ACCEPTED. Accordingly, Foster's Motion to Dismiss (doc. 14) is due to be GRANTED, and plaintiff's claims against Foster are hereby DISMISSED.

As previously noted, plaintiff did not file objections to the Report and Recommendation which recommended that the motion for summary judgment of the remaining defendants be granted. Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the remaining defendants are entitled to judgment as a matter of law. Accordingly, the remaining defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this 29th day of March, 2013.

_____
United States District Judge